STATE OF CONNECTICUT *v.* DAVID A. FERNANDES, JR.
(AC 28925)

McLachlan, Harper and Lavery, Js.

Argued November 19, 2008—officially released June 16, 2009

*Ralph U. Bergman*, for the appellant (defendant).

*David J. Smith*, assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, David A. Fernandes, Jr., appeals from the judgment of conviction, rendered after a jury trial, of one count of assault in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-60 (a) (1). The sole issue on appeal is whether the transfer of the defendant's case from the docket for juvenile matters to the regular criminal docket of the Superior Court followed the requirements of the juvenile transfer statute and due process. We conclude that the transfer of the defendant's case did not meet the requirements of due process and the transfer statute

and, accordingly, reverse the judgment of conviction and remand the matter for a juvenile transfer hearing.

The following facts are relevant to the defendant's appeal. On September 12, 2005, the defendant was issued a juvenile summons and complaint/promise to appear on a charge of conspiracy to commit assault in the second degree in violation of General Statutes §§ 53a-48 and 53a-60.[1] The charge stemmed from an incident at the defendant's school on September 1, 2005. The defendant's date of birth is April 4, 1990, making him fifteen years old at the time of the incident. The defendant appeared in Juvenile Court on September 16, 2005, with counsel, and probable cause for the charge was found. On the defendant's November 11, 2005 appearance in Juvenile Court, the case was transferred to the criminal docket pursuant to General Statutes § 46b-127 (b).[2]

The state, by substitute information, charged the defendant additionally with assault in the second degree

[1] Assault in the second degree has been classified by the legislature as a class D felony. General Statutes § 53a-60 (b).

[2] General Statutes § 46b-127 (b) provides: "Upon motion of a juvenile prosecutor and order of the court, the case of any child charged with the commission of a class C or D felony or an unclassified felony shall be transferred from the docket for juvenile matters to the regular criminal docket of the Superior Court, provided such offense was committed after such child attained the age of fourteen years and the court finds ex parte that there is probable cause to believe the child has committed the act for which he is charged. The file of any case so transferred shall remain sealed until such time as the court sitting for the regular criminal docket accepts such transfer. The court sitting for the regular criminal docket may return any such case to the docket for juvenile matters not later than ten working days after the date of the transfer for proceedings in accordance with the provisions of this chapter. The child shall be arraigned in the regular criminal docket of the Superior Court by the next court date following such transfer, provided any proceedings held prior to the finalization of such transfer shall be private and shall be conducted in such parts of the courthouse or the building wherein court is located as shall be separate and apart from the other parts of the court which are then being held for proceedings pertaining to adults charged with crimes."

as an accessory in violation of General Statutes §§ 53a-8 and 53a-60 (a) (1). The defendant's jury trial commenced in April, 2007. The jury found the defendant guilty of assault in the second degree as an accessory, and found him not guilty of conspiracy to commit assault in the second degree. On June 1, 2007, the court sentenced the defendant to a total effective term of three years incarceration, execution suspended after one year, with three years probation. This appeal followed.

The requirements for a successful due process claim are well established. "The fourteenth amendment to the United States constitution provides that the State [shall not] deprive any person of life, liberty, or property, without due process of law . . . . In order to prevail on his due process claim, [a defendant] must prove that: (1) he has been deprived of a property [or liberty] interest cognizable under the due process clause; and (2) the deprivation of the property [or liberty] interest has occurred without due process of law. . . . *State* v. *Matos*, 240 Conn. 743, 749, 694 A.2d 775 (1997); see *State* v. *Morales*, 240 Conn. 727, 739, 694 A.2d 758 (1997). As a threshold matter, therefore, [a defendant] must show that [he has] a vested liberty interest in [his] juvenile status that is cognizable under the due process clause. *Frillici* v. *Westport*, 231 Conn. 418, 437–38, 650 A.2d 557 (1994). Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States. *Meachum* v. *Fano*, 427 U.S. 215, [223–27, 96 S. Ct. 2532, 49 L. Ed. 2d 451] (1976). *Hewitt* v. *Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983)." (Internal quotation marks omitted.) *State* v. *Angel C.*, 245 Conn. 93, 104, 715 A.2d 652 (1998).

As he must, the defendant concedes that his liberty interest in juvenile status does not emanate directly from the state or federal constitutions. See id. "Any [special treatment] accorded to a juvenile because of

his [or her] age with respect to proceedings relative to a criminal offense results from statutory authority, rather than from any inherent or constitutional right. . . . [*State* v. *Matos*, supra, 240 Conn.] 755; *State* v. *Anonymous*, 173 Conn. 414, 417–18, 378 A.2d 528 (1977)." (Internal quotation marks omitted.) *State* v. *Angel C.*, supra, 245 Conn. 104–105. "[O]nce a state provides its citizens with certain statutory rights beyond those secured by the constitution itself, the constitution forbids the state from depriving individuals of those statutory rights without due process of law." (Internal quotation marks omitted.) Id., 105, quoting *State* v. *Matos*, supra, 749.

Our Supreme Court "has repeatedly affirmed the significance of a transfer order in juvenile proceedings. In *In re Ralph M.*, 211 Conn. 289, 302, 559 A.2d 179 (1989), [the court] recognized that the decision whether to issue a transfer order, because it implicates the relinquishment of juvenile jurisdiction, is a 'critically important' stage in the adjudicatory process. See *Kent* v. *United States*, 383 U.S. 541, 560–61, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966)." *In re Edwin N.*, 215 Conn. 277, 281, 575 A.2d 1016 (1990). Our Supreme Court in considering a due process claim regarding the mandatory transfer provisions of § 46b-127 (a),[3] held that there

---

[3] General Statutes § 46b-127 (a) provides: "The court shall automatically transfer from the docket for juvenile matters to the regular criminal docket of the Superior Court the case of any child charged with the commission of a capital felony, a class A or B felony or a violation of section 53a-54d, provided such offense was committed after such child attained the age of fourteen years and counsel has been appointed for such child if such child is indigent. Such counsel may appear with the child but shall not be permitted to make any argument or file any motion in opposition to the transfer. The child shall be arraigned in the regular criminal docket of the Superior Court at the next court date following such transfer, provided any proceedings held prior to the finalization of such transfer shall be private and shall be conducted in such parts of the courthouse or the building wherein court is located as shall be separate and apart from the other parts of the court which are then being held for proceedings pertaining to adults charged with crimes. The file of any case so transferred shall remain sealed until the end of the tenth working day following such arraignment unless the state's

is no liberty interest in juvenile status prior to a mandatory transfer to criminal court. *State* v. *Angel C.*, supra, 245 Conn. 103.

The defendant relies heavily on *Kent* v. *United States*, supra, 383 U.S. 541, arguing that it mandates a hearing prior to any transfer of a juvenile to the criminal docket. In *Angel C.*, our Supreme Court wrote that "*Kent* simply stands for the proposition that if a statute vests a juvenile with the right to juvenile status, then that right constitutes a liberty interest, of which the juvenile may not be deprived without due process, i.e., notice and a hearing. Id., 556–58. If the statute at issue does not create a liberty interest, *Kent* is inapposite." *State* v. *Angel C.*, supra, 245 Conn. 106–107.

In *Angel C.*, our Supreme Court was very specific in distinguishing the Connecticut transfer statute from that in *Kent*. The court held that the mandatory transfer provision of § 46b-127 (a) "expressly precludes the exercise of jurisdiction by the juvenile court . . . . Moreover, it is implicit in § 46b-127 (a), unlike the statute in *Kent*, that adult treatment is the rule for such juveniles and that juvenile treatment is a narrow exception. The applicability of *Kent* cannot be expanded, therefore, beyond the scope of discretionary transfer statutes to mandatory transfer statutes. Section 46b-127 (a) is a mandatory, not discretionary, transfer statute. It is an automatic, mandatory transfer statute with the transfer based exclusively on the age of the defendant and the offense charged." Id., 108–109. The Supreme

---

attorney has filed a motion pursuant to this subsection, in which case such file shall remain sealed until the court makes a decision on the motion. A state's attorney may, not later than ten working days after such arraignment, file a motion to transfer the case of any child charged with the commission of a class B felony or a violation of subdivision (2) of subsection (a) of section 53a-70 to the docket for juvenile matters for proceedings in accordance with the provisions of this chapter. The court sitting for the regular criminal docket shall, after hearing and not later than ten working days after the filing of such motion, decide such motion."

Court in *Angel C.* concluded, therefore, that *Kent* did not require the conclusion that § 46b-127 (a) violated the defendants' rights to due process. See id.

Whether § 46b-127 (b) allows the court discretion to consider a motion for transfer is a question of statutory interpretation, over which our review is plenary. See *Roncari Industries, Inc.* v. *Planning & Zoning Commission*, 281 Conn. 66, 72, 912 A.2d 1008 (2007). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *State* v. *Koczur*, 287 Conn. 145, 152–53, 947 A.2d 282 (2008), quoting *Kinsey* v. *Pacific Employers Ins. Co.*, 277 Conn. 398, 405, 891 A.2d 959 (2006).

The language of § 46b-127 (b) is exceptionally distinct from the mandatory language of subsection (a). To begin, subsection (a) expressly declares that the transfer is automatic and that counsel for the child "shall not be permitted to make any argument or file any

motion in opposition to the transfer. . . ." General Statutes § 46b-127 (a). No equivalent language exists in subsection (b). Instead, subsection (b) provides that the case shall be transferred only "[u]pon motion of a juvenile prosecutor and order of the court . . . ." General Statutes § 46b-127 (b). The statute, however, does not provide guidance to the court on what discretion the court has to consider a motion to transfer. Because the court's level of discretion is unclear, we look to the legislative history for guidance.

The legislative history reveals that the transfer statute at issue in the present case was created to model the transfer procedure in the adult courts. 38 H.R. Proc., Pt. 8, 1995 Sess., p. 2952. Representative Dale W. Radcliffe clarified the authority maintained for judges within this process: "So then a judge . . . in carrying out this statute might determine that a hearing was appropriate and might decline to automatically transfer or transfer, even on a finding of probable cause based on the four corners of an affidavit." Id., p. 2962. Further, the House approved an amendment that "allows a judge, ex parte, on the basis of the affidavits to find probable cause and then still does not require that judge to approve the transfer . . . ." Id., p. 2966, remarks of Representative Dale W. Radcliffe; see also id., p. 2973. We find that subsection (b) is distinct from the mandatory transfer provisions of subsection (a), because the plain language of the statute and the legislative history retains discretion for both the state's attorney and the judiciary on whether to transfer a juvenile charged with a class C or D felony to adult criminal court.

The plain language of General Statutes § 46b-120 et seq. rests original jurisdiction of children younger than sixteen years of age charged with an unclassified felony or a class C or D felony on the juvenile docket until a prosecutor makes a motion for transfer of the case and

the court orders such a transfer. This original jurisdiction creates a liberty interest because the child has an interest in continuing to proceed within the juvenile docket. When a child is adjudicated on the juvenile docket, the proceedings are largely confidential, subject to erasure, and subject to a maximum commitment of four years. General Statutes §§ 46b-124, 46b-146 and 46b-141. This liberty interest, once bestowed by statute, cannot be taken away without due process. See *Kent* v. *United States*, supra, 383 U.S. 541. Due process requires notice of the pending transfer and the opportunity for a hearing. See *State* v. *Angel C.*, supra, 245 Conn. 103.

In the present case, the defendant was represented by counsel when the motion was made to transfer the case to the adult criminal court. The prosecutor represented to the court that the companion case had been transferred to the adult court previously and that there was an interest in keeping the cases together. Counsel for the defendant argued for the court to exercise its discretion to keep the case within the juvenile system. The court responded by stating, "[u]nfortunately, the statute doesn't convey any discretion on the Juvenile Court. Discretion is posted solely in that of the . . . state's attorney's office, and the adult court judge would have the discretion to reject transfer; the Juvenile Court has no authority to do anything other than sign an order if requested by the prosecutor after a finding of probable cause." Counsel for the defendant perfected the record by arguing that the statute for class C and D felonies was discretionary and, therefore, requires the approval of the Juvenile Court.

Due process and § 46b-127 (b) require that the defendant be afforded a hearing in which the Juvenile Court judge considers argument from counsel as to whether a case should be transferred to adult criminal court. In the present case, the court allowed defense counsel to make a record of the fact that the defendant had begun

counseling and was attending school. The court, however, refused to exercise its discretion to consider the argument presented and to determine whether it should order the transfer.[4] This refusal violated the defendant's rights to due process and was a misinterpretation of § 46b-127 (b).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[4] "While it is normally true that this court will refrain from interfering with a trial court's exercise of discretion . . . this presupposes that the trial court did in fact exercise its discretion. . . . Where . . . the trial court is properly called upon to exercise its discretion, its failure to do so is error." (Citations omitted.) *State* v. *Martin,* 201 Conn. 74, 88, 513 A.2d 116 (1986).