## STATE OF CONNECTICUT *v.* JAMAR D.*
## (SC 18277)

Rogers, C. J., and Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.**

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case should be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

* * This appeal was originally argued before a panel of this court consisting of Chief Justice Rogers, and Justices Katz, Palmer, McLachlan, Eveleigh and Vertefeuille. Thereafter, Justice Katz resigned from this court and did not participate in the consideration or decision of the case, and Justice Zarella was added to the panel. Justice Zarella has read the record and briefs, listened to a recording of the oral argument and participated in the resolution of this case.

Argued October 25, 2010—officially released May 10, 2011

*Sandra J. Crowell,* assistant public defender, for the appellant (defendant).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Ronald Dearstyne,* senior assistant state's attorney, for the appellee (state).

*Opinion*

EVELEIGH, J. The sole issue in this certified appeal[1] is whether the Appellate Court, sua sponte, properly

---

[1] We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss the defendant's appeal for lack of a final judgment?" *State* v. *Jamar D.,* 289 Conn.

dismissed for lack of a final judgment the interlocutory appeal of the defendant, Jamar D., from an order of the trial court transferring the defendant's case from the youthful offender docket of the Superior Court (youthful offender docket) to the regular criminal docket of the Superior Court (regular criminal docket) pursuant to General Statutes § 54-76c (b) (1).[2] The defendant claims that the trial court's order constituted an appealable interlocutory order under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), because the defendant had a vested statutory right to youthful offender status under § 54-76c (a)[3] and, therefore, he could not be deprived of that right without due process of law, namely, prior notice and a hearing. The state disagrees,

959, 961 A.2d 423 (2008).

[2] General Statutes § 54-76c (b) (1) provides: "Upon motion of the prosecuting official and order of the court, the case of any defendant who is a youth and is charged with the commission of a felony, other than a felony set forth in subsection (a) of this section, shall be transferred from the youthful offender docket to the regular criminal docket of the Superior Court, provided the court finds that there is probable cause to believe the defendant has committed the act for which he or she is charged. The defendant shall be arraigned in the regular criminal docket of the Superior Court by the next court business day following such transfer, provided any proceedings held prior to the finalization of such transfer shall be private and shall be conducted in such parts of the courthouse or the building wherein court is located as shall be separate and apart from the other parts of the court which are then being held for proceedings pertaining to adults charged with crimes. The file of any case so transferred shall remain sealed until the end of the tenth working day following such arraignment, unless the prosecuting official has filed a motion pursuant to subdivision (2) of this subsection, in which case such file shall remain sealed until the court makes a decision on the motion."

[3] General Statutes § 54-76c (a) provides in relevant part: "In any case where an information or complaint has been laid charging a defendant with the commission of a crime, and where it appears that the defendant is a youth, such defendant shall be presumed to be eligible to be adjudged a youthful offender . . . ."

Although § 54-76c (a) was the subject of certain amendments in 2008; see Public Acts 2008, No. 08-32, § 11; those amendments have no bearing on the present appeal. In the interest of simplicity, we refer herein to the current revision of the statute.

claiming that § 54-76c does not vest the defendant with a right to youthful offender status and, consequently, the order of the trial court is not an appealable interlocutory order under *Curcio*. We conclude that the trial court's order transferring the defendant's case from the youthful offender docket to the regular criminal docket is not an appealable order under *Curcio*. Accordingly, we affirm the judgment of the Appellate Court.

The following undisputed facts and procedural history are relevant to our resolution of the defendant's claim. On December 4, 2007, the defendant, then age sixteen, was arrested and charged with ten offenses, consisting of class C and class D felonies, class A and class B misdemeanors, several unclassified felonies and an unclassified misdemeanor.[4] He was then arraigned as a youthful offender pursuant to § 54-76b et seq.[5] At this hearing, the trial court made a finding of probable cause and set the defendant's bond at $100,000. Following the arraignment, the state filed a motion, pursuant

---

[4] Accordingly, none of the charges against the defendant rendered him ineligible for youthful offender status under § 54-76b (a) (2) (A) or § 54-76c (a) (1).

[5] General Statutes § 54-76b (a) provides in relevant part: "(1) 'Youth' means (A) a minor who has reached the age of sixteen years but has not reached the age of eighteen years at the time of the alleged offense, or (B) a child who has been transferred to the regular criminal docket of the Superior Court pursuant to section 46b-127; and

"(2) 'Youthful offender' means a youth who (A) is charged with the commission of a crime which is not a class A felony or a violation of section 14-222a, subsection (a) of section 14-224, section 14-227a or 14-227g, subdivision (2) of subsection (a) of section 53-21 or section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, except a violation involving consensual sexual intercourse or sexual contact between the youth and another person who is thirteen years of age or older but under sixteen years of age, and (B) has not previously been convicted of a felony in the regular criminal docket of the Superior Court or been previously adjudged a serious juvenile offender or serious juvenile repeat offender, as defined in section 46b-120."

Although § 54-76b was the subject of certain amendments in 2008; see Public Acts 2008, No. 08-32, § 10; those amendments have no bearing on the present appeal. In the interest of simplicity, we refer herein to the current revision of the statute.

to § 54-76c (b) (1), to transfer the defendant's case to the regular criminal docket. The defendant filed an objection to the state's motion, claiming that § 54-76c violated the principle of separation of powers, and requested that the court postpone deciding the state's motion and grant the defendant a hearing so that he could raise the constitutional challenge. In response, the state contended that, pursuant to § 54-76c (b) (1), the defendant had no standing to challenge the motion and the trial court had no authority to deny the state's motion to transfer. The trial court granted the motion to transfer and continued the matter for one day. The following day, the defendant filed an amended objection to the state's motion to transfer and reiterated his request for a hearing.[6] The state again claimed that the defendant had no right to a hearing on the motion to transfer. The trial court continued the matter for ten days and ordered that the defendant's record remain sealed pending that hearing.

Thereafter, the defendant once more requested a hearing on the constitutionality of § 54-76c (b) (1) and reiterated that the trial court had discretion in considering whether to grant the state's motion to transfer. The state again disagreed, claiming that the trial court had no discretion to deny the motion to transfer and that the defendant was not entitled to a hearing to challenge either his transfer or the constitutionality of § 54-76c (b) (1). After a short recess in order to review the statute, the trial court, in an oral ruling, determined that "the [state] has total discretion to seek to remove this case from the youthful offender docket to the [regular criminal] docket. This court does note there is an objection that's been filed by the . . . [defendant] . . . . The court finds that it does not have the authority

---

[6] On December 12, 2007, the defendant filed a second amended objection in order to correct typographical errors.

or discretion to act on that objection. The [state's] motion is granted."

In response to the court's ruling, the defendant indicated that he would file an appeal and a notice of a sealing order. The state claimed, however, that the order of the court was not an appealable final judgment. The defendant disagreed, arguing that he had a vested right to be adjudicated a youthful offender and that, because the order denied him that right without a hearing, an interlocutory appeal was proper. Pending the defendant's appeal, the trial court ordered that the case be stayed in its current status and that the files remain sealed. The court also clarified that its order rested on its determination that it had no authority "[t]o deny the motion to transfer to the [regular criminal] docket" and that it had "no authority to deny the relief sought in the [state's] motion or to even recognize [the defendant's] objection."

Subsequently, the defendant appealed from the trial court's grant of the state's motion to transfer, and its denial of the defendant's request for a hearing, to the Appellate Court. After a hearing, the Appellate Court, sua sponte, dismissed the defendant's appeal for lack of a final judgment. This appeal followed.

On appeal, the defendant claims that the Appellate Court improperly dismissed his appeal for lack of a final judgment because the order of the trial court granting the state's motion to transfer is an appealable interlocutory order under *State* v. *Curcio,* supra, 191 Conn. 31. Specifically, the defendant claims that, under § 54-76c (a), he has a vested statutory right to youthful offender status that he could not be deprived of without due process of law, namely, prior notice and a hearing. The state disagrees, claiming that the language and legislative history of § 54-76c (b) (1) demonstrate that the defendant does not possess a vested right to youthful

offender status and, therefore, the trial court's transfer of the case to the regular criminal docket does not so conclude the rights of the defendant regarding his status as a youthful offender so as to fall under the second prong of *Curcio* and constitute an appealable interlocutory judgment. We conclude that the Appellate Court properly dismissed the defendant's appeal for lack of a final judgment.

We begin with the standard of review. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]." (Internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 466, 940 A.2d 742 (2008). "The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . Neither the parties nor the trial court . . . can confer jurisdiction upon [an appellate] court. . . . The right of appeal is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. . . . It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review . . . appellate jurisdiction is limited to final judgments of the trial court. General Statutes § 52-263 . . . .

"In a criminal proceeding, there is no final judgment until the imposition of a sentence. . . . The general rule is . . . that interlocutory orders in criminal cases are not immediately appealable. . . . [See] *In re Juvenile Appeal (85-AB)*, 195 Conn. 303, 306, 488 A.2d 778 (1985) (denial of a motion to transfer to the criminal docket) [superseded by statute as stated in *In re Keijam T.*, 221 Conn. 109, 602 A.2d 967 (1992)]; *State* v. *Longo*,

192 Conn. 85, 89, 469 A.2d 1220 (1984) (denial of motion for youthful offender status) . . . .

"We have recognized, however, in both criminal and civil cases, that certain otherwise interlocutory orders may be final judgments for appeal purposes, and the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in *State* v. *Curcio*, [supra, 191 Conn. 31]. . . . Under *Curcio*, interlocutory orders are immediately appealable if the order or ruling (1) terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them. [Id.]" (Citations omitted; internal quotation marks omitted.) *State* v. *Fielding*, 296 Conn. 26, 35–37, 994 A.2d 96 (2010).

The defendant relies on the second prong of *Curcio* in support of his claim that the trial court's order is a final judgment from which he may appeal because he had a vested, statutory right to youthful offender status under § 54-76c (a).[7] "The second prong of the *Curcio* test focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . One must make at least a colorable claim that some recognized statutory or constitutional right is at risk. . . . Moreover, when a statute vests the trial court with discretion to determine if a particular [party] is to be accorded a certain status, the [party] may not invoke the rights that attend the status as a basis for claiming that the court's decision not to confer that status deprives the [party]

_____

[7] The defendant makes no claim that the trial court's order is a final judgment pursuant to the first prong of *Curcio*. Additionally, the defendant has not claimed that he has a constitutional right to youthful offender status.

of protections to which [it] is entitled. . . . The right itself must exist independently of the order from which the appeal is taken. *State* v. *Longo,* supra, 192 Conn. 92–93. Unless the appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that [necessarily] results in a dismissal of the appeal." (Citations omitted; internal quotation marks omitted.) *State* v. *Fielding,* supra, 296 Conn. 37–38.

We therefore turn to the question of whether the trial court's order pursuant to § 54-76c (b) (1) transferring the defendant's case from the youthful offender docket to the regular criminal docket was an appealable order because it "so conclude[d] the rights of the [defendant] that further proceedings [could not] affect them." *State* v. *Curcio,* supra, 191 Conn. 31. In *State* v. *B.B.,* 300 Conn. 748, 753–54, 17 A.3d 30 (2011), also decided today, we concluded that "a youth charged with the commission of a crime other than those enumerated in § 54-76c (a) has a liberty interest in his status as a defendant on the youthful offender docket." Accordingly, a defendant "cannot be deprived of [his eligibility for youthful offender] status without due process of law, namely, notice and a hearing." Id., 755. In order to preserve the constitutionality of § 54-76c (b) (1), which does not provide for a hearing prior to the finalization of the transfer of a youthful offender's case to the regular criminal docket, this court concluded that "§ 54-76c (b) implicitly requires a hearing by the court on the *regular criminal docket* prior to finalization of a transfer of a case from the youthful offender docket." (Emphasis added.) Id., 761–62. Accordingly, we concluded that, although the defendant therein had not been provided a hearing on the youthful offender docket, "the transfer of his case to the regular criminal docket has not yet been finalized. Consistent with due process requirements, before that occurs, the defendant is entitled to a hearing before the court on the regular criminal

docket, at which the defendant can be heard and the court can decide whether the transfer shall be finalized." Id., 762.

*B.B.* is dispositive of the defendant's claims on appeal. A youthful offender such as the defendant in the present case is not deprived of his liberty interest in youthful offender status until his case has been transferred from the youthful offender docket *and* the receiving court in the regular criminal docket, after a hearing, has accepted and finalized that transfer. Id. Consequently, under *Curcio*, the order of the trial court on the youthful offender docket transferring a defendant's case to the regular criminal docket cannot be an appealable order because that order, in and of itself, does not "so [conclude] the rights of the [defendant] that further proceedings [could not] affect them." *State* v. *Curcio*, supra, 191 Conn. 31. Until the court on the regular criminal docket finalizes the transfer, a youthful offender retains his liberty interest in youthful offender status. Additionally, in light of the holding in *B.B.*, the youthful offender has the right to contest the transfer of his case in a hearing before the court on the regular criminal docket, which retains the discretion to accept or reject the transfer. See *State* v. *B.B.*, supra, 300 Conn. 762.

The defendant filed the present appeal when the trial court ordered the transfer of his case from the youthful offender docket and, therefore, prior to the receiving court on the regular criminal docket holding a hearing to determine whether to finalize the transfer. We therefore conclude that the order of the trial court transferring the defendant's case from the youthful offender docket to the regular criminal docket is not an appealable interlocutory order under *Curcio* because it does not conclude the rights of the defendant regarding his status as a youthful offender. See id., 761–62. Accordingly,

the Appellate Court properly dismissed the defendant's appeal for lack of a final judgment.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.