## STATE OF CONNECTICUT *v.* ELIAS G.*
### (SC 18578)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Harper, Js.

Submitted on briefs May 11—officially released August 9, 2011

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the name of the defendant in this appeal is not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*James M. Ralls*, assistant state's attorney, *Stephen Sedensky*, state's attorney, and *John Kearney*, assistant state's attorney, filed a brief for the appellant (state).

*Martin Zeldis*, chief of legal services, filed a brief for the appellee (defendant).

*Opinion*

McLACHLAN, J. The state appeals[1] from the decision of the trial court, which denied the state's motion to transfer two cases against the defendant, Elias G., from the juvenile docket to the regular criminal docket pursuant to General Statutes § 46b-127 (b). This appeal is controlled by *State* v. *Fernandes*, 300 Conn. 104, 111,

---

[1] The Chief Justice granted the state's application for certification to appeal from the trial court's interlocutory ruling pursuant to General Statutes § 52-265a (a), which authorizes the Chief Justice to certify a direct appeal from the Superior Court to the Supreme Court "in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice . . . ." Although we concluded in *State* v. *Jamar D.*, 300 Conn. 764, 773, 18 A.3d 582 (2011), that the trial court's order transferring a case from the youthful offender docket to the regular criminal docket is not an appealable interlocutory order, we also concluded in *Laurel Park, Inc.* v. *Pac*, 194 Conn. 677, 679 n.1, 485 A.2d 1272 (1984), that "the 'order or decision' referred to in § 52-265a from which an appeal may be taken need not be a final judgment . . . ."

12 A.3d 925 (2011). In *Fernandes*, we interpreted § 46b-127 (b) to comply with due process requirements because, prior to the finalization of the transfer of a case involving certain types of crimes from the juvenile docket to the regular criminal docket, the juvenile is entitled to a hearing in the criminal court, but not in the juvenile court, to contest the appropriateness of trying the juvenile as an adult. Id.

The record reveals the following undisputed facts and procedural history. In January, 2010, at the age of fifteen, the defendant was charged in two informations with larceny in the second degree in violation of General Statutes § 53a-123, a class C felony, burglary in the third degree in violation of General Statutes § 53a-103, a class D felony, and larceny in the fourth degree in violation of General Statutes § 53a-125, a class A misdemeanor.[2] Before the juvenile court, the state filed a motion to transfer[3] the charges in both informations from the juvenile docket to the regular criminal docket pursuant to § 46b-127 (b). Section 46b-127 (b) provides in relevant part: "Upon motion of a prosecutorial official and order

---

[2] In additional informations, the defendant was charged with multiple offenses that automatically were transferred from the juvenile docket to the regular criminal docket pursuant to § 46b-127 (a), and with two counts of sexual assault in the fourth degree, which the state did not seek to transfer from the juvenile docket. The charges in those additional informations are not at issue in the present appeal.

[3] In his brief to this court, the defendant maintains that the record does not reveal that the state made either a written or an oral motion to transfer the cases. During the hearing on the transfer, however, when the court inquired as to the nature of the state's motion, the prosecutor explained that "[i]t's the state's motion to transfer to the adult docket essentially two files," and the defendant's counsel, himself, stated twice that "it's the state's motion to transfer . . . ." In addition, the court clearly ruled on the motion when it declared that it was "in its discretion . . . deny[ing] the motion to transfer."

of the court, the case of any child charged with the commission of a class C or D felony or an unclassified felony shall be transferred from the docket for juvenile matters to the regular criminal docket of the Superior Court, provided such offense was committed after such child attained the age of fourteen years and the court finds ex parte that there is probable cause to believe the child has committed the act for which he is charged. . . ." The state maintained that it was within its discretion to determine whether the two cases should be transferred to the regular criminal docket.[4] The defendant responded that, according to the Appellate Court's opinion in *State* v. *Fernandes*, 115 Conn. App. 180, 188,

[4] The defendant claims that the state did not argue before the juvenile court that that court lacked the discretion to deny the motion to transfer, and, indeed, waived any such claim by agreeing that the juvenile court had discretion. Specifically, the defendant contends that the state agreed with the court when the prosecutor stated that "[u]nder the transfer statute, the state has made a discretionary request to discretionarily transfer to the adult docket the felony charges, burglary third degree, larceny fourth degree, and larceny in the second degree." The state, however, claims that that statement was an argument that only the state had discretion to transfer the case, not the juvenile court. The state further contends that, even if that statement did not clearly articulate its claim, its later statement that "there's nothing in the legislative history . . . to indicate that files were not intended to be transferred up at the discretion of the prosecutor," sufficiently apprised the court of its claim that the transfer was solely within the discretion of the prosecutor.

In support of his argument that the state waived the claim that the juvenile court did not have discretion, the defendant cites *State* v. *Fabricatore*, 281 Conn. 469, 481, 915 A.2d 872 (2007), in which we held that the defendant waived his right to challenge the trial court's jury instruction on appeal because he had failed to object to the instruction as given or to the state's original request to charge, clearly expressed satisfaction with the instruction as given, and subsequently argued that the instruction as given was proper. In the present case, however, the state did not expressly inform the juvenile court that it was satisfied with the ruling or argue that the ruling was proper; rather, the state objected to the ruling and argued that the ruling should have been "at the discretion of the prosecutor." The state, therefore, did not waive its right to appellate review.

971 A.2d 846 (2009), rev'd, 300 Conn. 104, 12 A.3d 925 (2011), it was within the discretion of the juvenile court, rather than the state, to determine whether transfer was appropriate.[5] The juvenile court denied the state's motion to transfer the defendant's cases, deciding that "the interests of justice, the interests of the state [and] . . . the safety of the public" would be best served by exercising its discretion to retain its jurisdiction over the charges at issue. In March, 2010, the state filed this appeal, challenging the juvenile court's denial of the motion to transfer.

In its initial brief to this court, the state claimed that neither § 46b-127 (b) nor due process required a hearing before the juvenile court. The defendant responded that § 46b-127 (b) endowed him with a vested liberty interest in his juvenile status, that he could not be deprived of that status without a hearing, and that the plain language of § 46b-127 (b) clearly provided the juvenile court with discretion over whether to order a transfer to the regular criminal docket.

Approximately one year later, in January, 2011, we released our decision in *State* v. *Fernandes*, supra, 300 Conn. 104. In *Fernandes*, we explained that a hearing could not be held before the judge of the juvenile court docket because "[v]iewing § 46b-127 (b) in its entirety . . . the text supports the conclusion that the statute does not contemplate a hearing before a juvenile judge *prior* to transfer." (Emphasis in original.) Id., 114. We

---

[5] In *Fernandes*, which was officially released on June 16, 2009, the Appellate Court concluded that "[d]ue process and § 46b-127 (b) require that the defendant be afforded a hearing in which the [j]uvenile [c]ourt judge considers argument from counsel as to whether a case should be transferred to adult criminal court." *State* v. *Fernandes*, supra, 115 Conn. App. 188.

further stated that "[t]he genealogy and legislative history of § 46b-127 (b) establishes beyond any doubt that the legislature did not intend for defendants to receive a hearing in the juvenile court prior to transfers pursuant to that section." Id., 117. "Because juveniles who are charged with class C or class D felonies have a vested interest in that status [however], they are . . . entitled to 'notice and a hearing' before they can be deprived of that interest." Id., 127. In order to preserve the constitutionality of the statute, we, therefore, implemented a judicial gloss, clarifying that, pursuant to § 46b-127 (b), a defendant "is entitled to a hearing before the judge of the criminal court docket prior to that court's decision to accept and finalize the defendant's case on the criminal court docket." Id., 128. We, thus, concluded that, although "§ 46b-127 (b) does not entitle the defendant to a hearing in the juvenile court prior to the initiation of a transfer to contest the appropriateness of trying the juvenile as an adult . . . due process entitles such a juvenile to a hearing in criminal court prior to the finalization of his transfer." Id., 111.

Approximately two months later, in March, 2011, we ordered the parties in the present case to file simultaneous supplemental briefs limited to the question of whether the decision of the juvenile court denying the state's motion to transfer some of the defendant's charges from the juvenile docket to the regular criminal docket should be summarily reversed on the basis of *Fernandes*. We conclude that there is no reason why *Fernandes* does not control. Therefore, the juvenile court's denial of the state's motion to transfer the cases must be reversed.

In his supplemental brief, the defendant claims that we should not summarily reverse the juvenile court's decision denying the state's motion to transfer because our interpretation of § 46b-127 (b), as articulated in *Fernandes*, should not be applied retroactively.[6] He argues that it should not be applied retroactively because, at the time that the juvenile court conducted the transfer hearing, it was following the law as then decided by the Appellate Court.[7] It is well established, however, that "judgments that are not by their terms limited to prospective application are presumed to apply retroactively . . . this general rule applies to cases that are pending and not to cases that have resulted in final judgments." (Citation omitted.) *Marone* v. *Waterbury*, 244 Conn. 1, 10–11, 707 A.2d 725 (1998). We previously have stated that "a rule enunciated in a case presumptively applies retroactively to pending cases." (Internal quotation marks omitted.) *Luurtsema* v. *Commissioner of Correction*, 299 Conn. 740, 747 n.8, 12 A.3d 817 (2011). Accordingly, because this certified

---

[6] In its supplemental brief, the state does not address the question of whether *Fernandes* should be applied retroactively; rather, it focuses only on the merits of this court's majority opinion in *Fernandes* and relies on the principle of stare decisis.

[7] The defendant, relying on *State* v. *Vilalastra*, 207 Conn. 35, 40, 540 A.2d 42 (1988), additionally argues that our interpretation of § 46b-127 (b) should not be applied retroactively because "new statutes are given only prospective effect unless there is clear evidence that the legislature intended to give the statute retroactive effect." It is clear, however, that § 46b-127 (b) is not a "[n]ewly enacted" statute. *State* v. *Vilalastra*, supra, 40. Although our decision in *Fernandes* was "new," in that it was released after the juvenile court denied the state's motion to transfer, as we outlined in *State* v. *Fernandes*, supra, 300 Conn. 117–22, the legislature originally enacted the statute decades ago. Moreover, "an entirely different legal framework governs the retroactive application of new statutes. See *Walsh* v. *Jodoin*, 283 Conn. 187, 195–96, 925 A.2d 1086 (2007) (new procedural statutes, unlike substantive ones, generally apply retroactively)." *Luurtsema* v. *Commissioner of Correction*, 299 Conn. 740, 753 n.14, 12 A.3d 817 (2011).

appeal was pending when we decided *Fernandes*, our interpretation of § 46b-127 (b) applies to the present case. Consistent with due process requirements, before the transfer of the defendant's cases to the regular criminal docket has been finalized, the defendant is entitled to a hearing before the court on the regular criminal docket, at which the defendant can be heard and the court can decide whether the transfer shall be finalized.

The judgment is reversed  and the case is remanded with direction to grant the state's motion to transfer the cases to the regular criminal docket.

In this opinion the other justices concurred.