DAVID A. FERNANDES, JR. *v.* COMMISSIONER
OF CORRECTION
(AC 34386)

Beach, Alvord and Bear, Js.

Argued March 5—officially released May 14, 2013

*Conrad Ost Seifert*, assigned counsel, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *David Smith*, senior assistant state's attorney, for the appellee (respondent).

### Opinion

BEACH, J. The petitioner, David A. Fernandes, Jr., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court erred in concluding that his appellate counsel did not provide him with ineffective assistance. We affirm the judgment of the habeas court.

On September 12, 2005, the petitioner was issued a juvenile summons and complaint charging him with conspiracy to commit assault in the second degree in violation of General Statutes §§ 53a-48 and 53a-60, in

connection with an incident that had occurred at the petitioner's high school on September 1, 2005, when the petitioner was fifteen years old. On September 16, 2005, the Superior Court for Juvenile Matters (juvenile court)[1] found probable cause for the petitioner's arrest. On November 9, 2005, the parties appeared before the juvenile court, *Driscoll, J.* The juvenile court informed the parties that it had been presented with an order to transfer the petitioner's case to the regular criminal docket of the Superior Court (criminal court). The petitioner's counsel asked the juvenile court to exercise discretion and not to transfer the case to the criminal court. The juvenile court explained that the juvenile transfer statute, General Statutes § 46b-127 (b), does not provide such discretion to the juvenile court, but rather to the criminal court. The juvenile court then ordered that the petitioner's case be transferred to the criminal court.

The parties appeared before the criminal court, *Handy, J.,* later that day. The criminal court stated that the prosecutor had ten days to decide whether to keep the case on the part A docket in the criminal court. The petitioner's trial counsel, attorney Barry Ward, stated that he would like to be heard on the transfer issue at the appropriate time. The criminal court responded that the appropriate time would be November 17, 2005, but stated that under the statute, it was the state's decision whether to transfer a case to the criminal court and that it "is not an issue really in which the court even has any input." When the parties appeared again before the criminal court on November 17, 2005, the prosecutor suggested that the case should remain on the criminal

[1] The transfer was effected between the docket of the Superior Court for Juvenile Matters and the regular criminal docket of the Superior Court. See General Statutes § 46b-127 (b). For convenience, the dockets are occasionally referred to as juvenile court or criminal court. All of the courts are, of course, within the Superior Court.

docket. The petitioner's new counsel, attorney Mark Solak, stated, "I'm not going to press the point, Your Honor, at this juncture." The criminal court accepted the case for transfer.

The state filed a substitute information that added the charge of assault in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-60 (a) (1). Following a jury trial, the petitioner was found guilty of assault in the second degree as an accessory and not guilty of conspiracy to commit assault in the second degree. The petitioner was sentenced to a total effective term of three years incarceration, execution suspended after one year, and three years probation.

The petitioner, through his appellate counsel, attorney Ralph U. Bergman, appealed to this court, which held that "[d]ue process and § 46b-127 (b) require that the defendant be afforded a hearing in which the Juvenile Court judge considers argument from counsel as to whether a case should be transferred to adult criminal court." *State* v. *Fernandes*, 115 Conn. App. 180, 188, 971 A.2d 846 (2009), rev'd, 300 Conn. 104, 12 A.3d 925 (2011). This court concluded that the refusal of the juvenile court to exercise discretion, to consider the arguments presented and to determine whether it should order the transfer violated the petitioner's rights to due process and misapplied § 46b-127 (b). Id., 189.

The Supreme Court granted certification on the following issue: "Did the Appellate Court properly conclude that the transfer of the juvenile's case from the juvenile docket to the regular docket of the Superior Court did not comply with the applicable statute and with due process requirements?" *State* v. *Fernandes*, 293 Conn. 917, 979 A.2d 491 (2009). Bergman argued in the petitioner's brief to the Supreme Court that this court had correctly determined that due process required a juvenile to receive a pretransfer hearing in

juvenile court. In the alternative, despite having sent a letter to the appellate clerk waiving the issue of a need for a hearing in the criminal court, he also argued that due process entitled the petitioner to a hearing in the criminal court on the issue of whether the transfer was appropriate. The state argued that this court erred in holding that due process required a pretransfer hearing in juvenile court. It further argued that the petitioner's argument regarding a hearing in the criminal court was improper because Bergman failed to order the transcript of the November 17, 2005 proceeding in the criminal court, and, furthermore, Solak had waived the issue by failing to object at that proceeding. The Supreme Court reversed our decision that the petitioner was entitled to a hearing in juvenile court and held that "upon a transfer request by the prosecutor and a determination by the juvenile court that there is probable cause that the child committed the felony offense charged, under § 46b-127 (b), the child so charged is entitled to a hearing before the judge of the criminal court docket prior to that court's decision to accept and finalize the defendant's case on the criminal court docket. Such a defendant is not, however, entitled to a hearing before the juvenile court . . . ." *State* v. *Fernandes*, 300 Conn. 104, 128, 12 A.3d 925 (2011). Our Supreme Court held that it need "not consider whether the [petitioner] was properly afforded an opportunity for such a hearing in the criminal court. On appeal, the [petitioner] expressly has waived any claims arising from the proceedings in that court." Id., 128–29.

The petitioner filed a petition for a writ of habeas corpus alleging that Bergman had provided ineffective assistance by failing to raise effectively before our Supreme Court the issue of his entitlement to a pretransfer hearing in the criminal court under § 46b-127 (b) and for his express waiver of that issue. The habeas court denied the petition, concluding that Bergman had

not provided ineffective assistance. The habeas court determined that the petitioner had not proven that Bergman's decision to pursue the issue of the petitioner's right to a hearing in juvenile court rather than in the criminal court fell below the standard of reasonableness of appellate counsel. The habeas court stated that the petitioner had not shown that Bergman pursued a substantially weaker claim—the right to a hearing in the juvenile court—at the expense of an obviously stronger claim—that the hearing should have been held in the criminal court. The habeas court reasoned that the issue of whether a juvenile was entitled to any hearing prior to the case being transferred to the criminal court and where that hearing should be held was, at that time, a novel issue of first impression. The habeas court also noted that a unanimous panel of this court had agreed with Bergman that the hearing should have taken place in juvenile court. Although a majority of our Supreme Court reversed the judgment of this court, stating that the hearing should have taken place in the criminal court, two dissenting justices agreed with this court. The habeas court stated that "[w]ith such a division among seasoned jurists as to which court, adult or juvenile, should hold the pretransfer hearing, the court cannot fault Bergman's decision to pursue one claim over the other or find that the juvenile court issue was substantially weaker than the adult court issue."

The habeas court also rejected the petitioner's claim that Bergman's performance fell below that of a reasonable attorney because he failed to raise the unpreserved issue of a hearing in criminal court under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), the plain error doctrine, or our appellate courts' supervisory powers. The habeas court reasoned that "such a claim was not expressly plead in the petitioner's complaint. In addition, at the habeas trial, no one questioned

Bergman about whether he was aware of these exceptions to the appellate rule that only preserved errors may be appealed, whether he considered raising the adult court hearing issue under . . . *Golding*, or one of the other exceptions, or if he was aware of these exceptions and considered them, why he did not seek review under any of these doctrines." The habeas court granted the petition for certification to appeal. This appeal followed.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense [by establishing a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different]. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, 118 Conn. App. 670, 674–75, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010).

"[T]o satisfy the performance prong [of the *Strickland* test], a claimant must demonstrate that counsel made errors so serious that counsel was not functioning

as the counsel guaranteed . . . by the [s]ixth [a]mendment." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 713, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . While an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . . The effect of adding weak arguments will be to dilute the force of the stronger ones. . . . Our Supreme Court has stated that [i]t is possible to leave out a dispositive issue on appeal and nevertheless, to have furnished a petitioner with adequate counsel under the sixth amendment." (Citations omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 87 Conn. App. 560, 563–64, 867 A.2d 51, cert. denied, 273 Conn. 934, 875 A.2d 543 (2005).

The petitioner claims that the habeas court erred in concluding that Bergman did not render deficient performance, and that it should have found him to be ineffective because (1) he did not fully and adequately brief the issue of a right to a hearing in the criminal court due to the fact that it was waived, (2) the waived issue regarding a hearing in the criminal court was superior to the briefed claim regarding a hearing in the juvenile court, (3) alternatively, if the waived issue was not superior to the briefed claim, neither was it weaker or inferior, and Bergman's failure to brief it constituted ineffective assistance of counsel, (4) the issue was not novel because due process required a hearing, and (5)

if the issue of a hearing in the criminal court was unpreserved it was reviewable under *State* v. *Golding*, supra, 213 Conn. 233.

The habeas court did not err in determining that Bergman's performance was not deficient. After a careful examination of the record and the parties' arguments on appeal, we conclude that the well reasoned opinion of the habeas court was correct. There is no indication that at the time Bergman made his decisions as to what course to take on direct appeal, the decisions were illogical, especially in light of Solak's lack of objection with regard to the transfer issue in the criminal court.

The judgment is affirmed.

In this opinion the other judges concurred.