### NICOLA MELIA *v.* HARTFORD FIRE INSURANCE COMPANY
### (12813)

PETERS, C. J., HEALEY, SHEA, DANNEHY and GLASS, Js.

Argued December 3, 1986—decision released February 10, 1987

*James F. Stapleton,* with whom, on the brief, were *Thomas J. Byrne* and *Stefan R. Underhill,* for the appellant (defendant).

*Frank W. Murphy,* with whom, on the brief, were *Reuben S. Midler* and *Cynthia A. Martin,* for the appellee (plaintiff).

SHEA, J. This action was brought upon a fire insurance policy issued by the defendant on January 16, 1981, to protect the plaintiff against loss by fire to his building at 430 Elm Street in Stamford, which was substantially damaged in a fire that occurred on March 23, 1981. The complaint claimed liability on the policy in the first count and in the second count sought damages because the defendant had allegedly refused to pay the fire loss without proper cause and thus had failed to act in good faith and to deal fairly with its insured. In answering the complaint, the defendant admitted its issuance of the policy but denied the remaining allegations. The defendant also pleaded wilful concealment and material misrepresentations by the plaintiff as a special defense, which the plaintiff denied.

On June 21, 1985, in accordance with the plaintiff's request, the trial court ordered the defendant to produce its claims file for inspection by the plaintiff, overruling objections of the defendant based upon the attorney-client privilege and the "work product" doctrine. See *Hickman* v. *Taylor,* 329 U.S. 495, 504–14, 67 S. Ct. 385, 91 L. Ed. 451 (1947). After its motion to open that "judgment" had been denied on July 29, 1985, the defendant appealed.

On its own initiative this court raised the question of whether the appeal had been taken from a final judgment, a necessary prerequisite to our jurisdiction.[1] We conclude that the disclosure order appealed from does not constitute a final judgment and that the appeal must accordingly be dismissed for lack of jurisdiction.

The defendant recognizes that our jurisdiction is restricted ordinarily to appeals from judgments that are final. See General Statutes §§ 51-199, 52-263. It maintains, however, that our authority to construe the statutory term "final judgment" has been exercised on some occasions to allow appeals from orders of the trial court that are essentially interlocutory. This contention is undoubtedly sound, because, "[i]n both criminal and civil cases . . . we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal." *State v. Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). We have set forth two circumstances under which an otherwise interlocutory order may be appealed: "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

The defendant does not claim that the first *Curcio* alternative, termination of a separate and distinct proceeding, is applicable to this appeal from a disclosure order. It relies wholly on the second, claiming that its rights under the attorney-client privilege and the related work product doctrine will be inalterably concluded if it must, without appellate review, comply with the order by making the requested documents available to the plaintiff.

---

[1] The court assigned this case on the motion calendar for a hearing on whether the appeal should be dismissed for lack of a final judgment. After argument it was decided to defer the final judgment issue until the entire appeal had been heard, including the final judgment issue, which the parties have fully briefed.

"An order issued upon a motion for discovery is ordinarily not appealable because it does not constitute a final judgment, at least in civil actions." *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.*, 180 Conn. 223, 226, 429 A.2d 478 (1980). This court has previously dismissed appeals from discovery rulings that, if erroneous, would have compelled those subject to the order to reveal information they were entitled by law to withhold. *Barbato* v. *J. & M. Corporation*, 194 Conn. 245, 478 A.2d 1020 (1984) (appeal from order compelling testimony where witness attempted to invoke privilege against self-incrimination); *Chrysler Credit Corporation* v. *Fairfield Chrysler-Plymouth, Inc.*, supra (appeal from sanctions imposed for refusal of defendant garnishee to produce documents).

The federal courts have held similarly that, because most discovery orders do not finally dispose of the proceeding, they are not appealable as final judgments. *Cogen* v. *United States,* 278 U.S. 221, 223–24, 49 S. Ct. 118, 73 L. Ed. 275 (1929); 4 J. Moore, Federal Practice (2d Ed. 1986) § 26.83[3]. A federal statute creates an exception to the final judgment rule, however, and authorizes the courts of appeals to exercise discretionary jurisdiction over appeals from interlocutory orders of the district court when that court certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292 (b). Even under this enlarged jurisdiction, discovery orders are seldom appealable, because they do not ordinarily present novel controlling legal questions or accelerate the disposition of actions. 4 J. Moore, supra, § 26.83[9.—2].

Though in some instances the federal courts of appeals have entertained appeals pursuant to § 1292 (b) from discovery orders presenting issues of claimed vio-

lations of the attorney-client privilege and the privilege against self-incrimination, these appeals have usually raised issues of wide general significance affecting interests beyond those of the parties. See *Garner* v. *Wolfinbarger,* 430 F.2d 1093, 1097 (5th Cir. 1970); *Radiant Burners, Inc.* v. *American Gas Assn.,* 320 F.2d 314, 317 (7th Cir. 1963). Where there has been no certification by the district court pursuant to § 1292 (b), however, it has been held that an order for production of documents that is claimed to infringe the attorney-client privilege does not meet the federal standard for final judgments that do not terminate actions. *International Business Machines Corporation* v. *United States,* 480 F.2d 293, 297 (2d Cir. 1973). That standard allows interlocutory appeals for only those decisions falling within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen* v. *Beneficial Loan Corporation,* 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). It appears that the federal courts have not deemed the breach of confidentiality involved in a discovery order infringing upon the attorney-client privilege to be sufficiently important to transform an interlocutory order into a final judgment under this standard. *International Business Machines Corporation* v. *United States,* supra.

This court has no discretionary jurisdiction comparable to that given the federal courts by § 1292 (b) to entertain appeals from interlocutory orders, except as provided in General Statutes § 52-265a. This statute allows an aggrieved party to appeal from "an *order or decision* of the superior court in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice . . . ."

(Emphasis added.) See *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678–79 n.1, 485 A.2d 1272 (1984). Before filing this appeal, the defendant petitioned unsuccessfully for certification pursuant to § 52-265a, claiming that a substantial public interest was implicated and that delay would result in injustice. As the denial of that petition indicated, there are in this case no significant ramifications affecting the public interest or entailing injustice from delay that cannot be substantially redressed by appellate review of the final judgment after completion of the trial.

In arguing that this appeal from a disclosure order falls within the second *Curcio* alternative, that the rights of a party be so concluded that further proceedings cannot affect them, the defendant concedes that adequate relief from most erroneous discovery rulings that are also prejudicial can be obtained on appeal after trial. It maintains, however, that the privacy interests protected by the attorney-client privilege cannot be completely restored once they have been invaded by a disclosure order. It is true that a remand for a new trial resulting from an erroneous order to disclose information protected by the privilege cannot wholly undo the consequences of its violation, though the rights of the client in respect to use of privileged material during further proceedings in the litigation can be adequately safeguarded. "Vindication at the appellate level can seldom regain all that has been lost by an erroneous determination of a cause in the trial court." *In re Juvenile Appeal (85–AB),* 195 Conn. 303, 311, 488 A.2d 778 (1985). The same imperfection in the appellate remedy would be present if the attorney-client privilege were violated, not by a pretrial disclosure order, but by a ruling on evidence during trial, which would have to await final judgment for appellate review unless trials were to be interrupted whenever such a ruling occurred.

Our concern for the efficient operation of the judicial system, which is the practical consideration behind the policy against piecemeal litigation inherent in the final judgment rule, has induced us to dismiss appeals where statutorily created rights of privacy, no less significant than the right of confidentiality for attorney-client communications, have been at stake. Where those accused of crimes have claimed entitlement to treatment as juveniles or youthful offenders, we have recognizd that our decree after a successful appeal from a conviction cannot restore the protection the legislature intended against publicity and other consequences attending an adult criminal proceeding. Id.; *State* v. *Longo,* 192 Conn. 85, 91, 469 A.2d 1220 (1984). We have concluded, nevertheless, that the harm caused by delay in the disposition of criminal cases likely to result from allowing interlocutory appeals where trial courts have denied youthful offender or juvenile treatment far outweighs the need to provide additional appellate remedies to implement the legislative purpose more effectively. *In re Juvenile Appeal (85–AB),* supra, 312.

The defendant contends that the delay that interlocutory appeals from disclosure orders would create is of smaller concern in civil cases. Citizens of this state, nevertheless, have a right to "justice administered without . . . delay" in civil as well as criminal cases. Conn. Const., art. I, § 10; see *Pellegrino* v. *O'Neill,* 193 Conn. 670, 685, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984). Though the importance of prompt resolution of criminal cases may be greater, the expeditious disposition of disputes between private litigants also vitally affects the public interest. The opportunities for delay that would become available if every disclosure order that might arguably implicate the attorney-client privilege could be appealed before trial are overwhelming to contemplate. The appeal filed in this case from a single dis-

closure ruling has taken more than eighteen months to resolve, while trial court proceedings have been stalled. We conclude that the occasional violation of the attorney-client privilege that cannot be fully rectified upon review of the final judgment is a lesser evil than that posed by the delay in the progress of cases in the trial court likely to result from interlocutory appeals of disclosure orders.

The appeal is dismissed.

In this opinion the other justices concurred.