### In re W. Travers RINEHARDT.

Supreme Court of Delaware.

Submitted: Feb. 13, 1990.
Decided: April 25, 1990.

F. Alton Tybout (argued), Tybout, Redfearn & Pell, Wilmington, for appellant.

Edmund D. Lyons, Jr. (argued), Aerenson, Ferrara and Lyons, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court en banc.

MOORE, Justice:

W. Travers Rinehardt, a claims superintendent of State Farm Fire and Casualty Co. (State Farm), allegedly appeals on his own behalf a purported final judgment of contempt issued against him by the Superior Court. At State Farm's direction Rinehardt refused to answer certain questions at his deposition about the contents of various documents that State Farm had produced in compliance with a discovery order of the Superior Court. Significantly, State Farm did not file an interlocutory appeal from the discovery order, and it complied with that order after the time for filing an appeal had expired. Moreover, that order was directed solely to State Farm and not Rinehardt. State Farm's counsel, who also represents Rinehardt here, has candidly acknowledged both to the Superior Court and us that the entire purpose of this contempt citation was to provide a procedural posture for an appeal from a purported "final" judgment, allegedly against an "independent person", as a means of reviewing the merits of the discovery order. This stratagem was intended to avoid the possibility that we would refuse to hear an interlocutory appeal from the discovery order.[1] In addition to the legal and procedural defects in this record, which are outlined below, we disapprove of this device. The judgment of contempt is vacated, and the appeal is dismissed.[2]

## I.

This matter arises out of a suit by Truman and Billie Tackett against their insurer

---

1. Under Supreme Court Rule 42 the Court's exercise of its jurisdiction to hear interlocutory appeals is discretionary and discovery orders rarely satisfy the criteria of Rule 42(b) for the acceptance of such appeals. However, a purportedly final judgment is reviewable as a matter or right. Del.Const. art. IV, § 11(1)(a).

2. We therefore do not address the merits of the discovery order which is the intended thrust of this appeal.

State Farm, asserting a failure to make payments under the uninsured motorist coverage of their policy. The Tacketts sought discovery of the State Farm claims file, which State Farm refused to produce on the grounds of the attorney-client and work-product privileges. Acting upon a motion to compel production of this file, the trial judge examined the documents *in camera* and entered the discovery order directing State Farm to produce most of them. *Tackett v. State Farm Fire and Casualty*, Del.Super., 558 A.2d 1098 (1988) (ORDER). After the time for seeking an interlocutory appeal had expired, counsel for State Farm delivered the documents to the Tacketts' lawyer.

Thereafter, State Farm advised the trial court and plaintiffs' counsel that it would nonetheless continue to challenge the order through the device of a contempt citation. Plaintiffs' counsel objected to this tactic. Later, in response to a notice to take its deposition State Farm designated Rinehardt, under Superior Court Civil Rule 30(b)(6), as its witness.[3] State Farm announced in advance that Rinehardt would refuse to answer any question about the documents which had been produced.

This was confirmed at his deposition when Rinehardt, acting on advice of State Farm's counsel, refused to answer certain questions put to him. Plaintiffs' counsel then moved to compel Rinehardt to answer the specified questions. Subsequently, the Superior Court held Rinehardt, but not State Farm, in contempt of the discovery order. This contempt citation was issued despite the fact that the original discovery order: (1) was directed solely to State Farm and not Rinehardt; (2) related only to the production of documents and had nothing to do with questions posed at a deposition; and (3) had already been obeyed by State Farm.

At this point the record becomes thoroughly confused. Although Rinehardt was the designated representative of State Farm pursuant to Rule 30(b)(6), it was State Farm's deposition that was being taken. To contrive this appeal, however, the deposition was treated as if it was that of a non-party. *Tackett v. State Farm Fire and Casualty*, Del.Super., C.A. No. 86C–FE–56, Poppiti, J., 1989 WL70962 (June 28, 1989) (ORDER). Yet no order was ever entered, as contemplated by Superior Court Civil Rule 37, directing Rinehardt to answer the questions. Instead an unconditional fine of $500 was imposed personally against Rinehardt pursuant to Superior Court Civil Rule 37(b)(2). This appeal followed, purportedly as Rinehardt's, but in reality it is State Farm's appeal in every respect. The merits of the discovery order are challenged by State Farm's counsel, and it is clear that State Farm will pay Rinehardt's fine if we affirm the Superior Court.

## II.

■ Appeals from discovery rulings generally fall within the proscription against appellate review of interlocutory orders. *See Levinson v. Conlon*, Del.Supr., 385 A.2d 717, 720 (1978). *See also Melia v. Hartford Fire Ins. Co.*, 202 Conn. 252, 520 A.2d 605, 606 (1987). This principle does not change merely because the discovery/disclosure order implicates the attorney-client privilege. *Melia*, 520 A.2d at 608 ("The opportunities for delay that would become available if every disclosure order that might arguably implicate the attorney-client privilege could be appealed before trial are overwhelming to contemplate.").

---

**3.** Like the parallel federal civil rule, Superior Court Civil Rule 30(b)(6) provides:

A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The person so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these Rules.

**1082**

■ State Farm recognized this basic principle, but candidly sought to overcome it by obtaining a contempt order, allegedly directed against a non-party to the lawsuit. In its brief to this Court, State Farm admitted:

> Although State Farm could not take an appeal from the court's prior interlocutory order, it wished to bring the Superior Court ruling before the Supreme Court. It was State Farm's belief that a holding of a non-party in contempt and the levying of a fine might be the means of bringing the court's ruling before this Court.

Appellant's Opening Brief at 7–8 (footnote omitted) (citing *Fenimore v. Fenimore,* Del.Supr., No. 243, 1988, at 4 n. 2 Holland, J. (July 21, 1988) [547 A.2d 131 (Table)] (ORDER)). *Fenimore* is totally inapposite. We noted there, in dicta, that if a bona fide non-party to a lawsuit is held in contempt, that person may have a right of direct appeal to us because the judgment of contempt would be final as to that individual.[4] That, however, is not the factual or legal circumstance here.

If Rinehardt was a "non-party" as State Farm now contends, the discovery order by its terms did not apply to him. The discovery order required State Farm to produce certain documents, and State Farm did so. The discovery order applied only to State Farm and not to non-parties. Moreover, it had nothing to do with questions posed at a deposition, much less questions posed to an allegedly "independent person" such as Rinehardt. It was thus impossible for Rinehardt to violate the discovery order as a "non-party".

■ The Superior Court, nevertheless, appears to have been persuaded by the parties that Rinehardt had violated the "thrust" of the discovery order, and held him in contempt. However, even assuming that the discovery order was somehow violated by Rinehardt under the obviously contrived circumstances here, it was an abuse of discretion to impose sanctions against an alleged non-party while ignoring the contemptuous acts of State Farm, the real party in interest. Generally, a trial court has broad discretion under Superior Court Civil Rule 37 to impose sanctions for failure to make discovery. *Pencader Assocs. v. Glasgow Trust,* Del.Supr., 446 A.2d 1097, 1101 (1982). This Court will not disturb a trial court's decision regarding sanctions imposed for discovery violations absent an abuse of that discretion. *Cebenka v. Upjohn Co.,* Del.Supr., 559 A.2d 1219, 1226 (1989); *Rittenhouse Assocs. v. Frederic A. Potts and Co.,* Del.Supr., 382 A.2d 235, 236 (1977). However, a trial court's decision to impose sanctions must be just and reasonable. At a minimum this requires the trial court to impose sanctions intended to achieve as their primary purpose compliance with discovery orders. That was not the objective here. Instead, there was a contrived effort, over plaintiffs' objections, to force this Court to hear, what is in reality, State Farm's interlocutory appeal from the original discovery order.[5]

■ A trial court should take care to impose sanctions tailored to the specific violation and its prompt cure. That includes consideration of the intent of the party opposing discovery, and of whether and to what extent the party seeking discovery has been prejudiced. The decision whether to impose sanctions, upon whom to impose them, and what sanctions to impose, will depend upon the facts and circumstances of each particular case, but it should always be viewed in light of the proper function which sanctions are intended to serve. *See Reeves v. Travelers Ins. Cos.,* Me.Supr., 421 A.2d 47, 50 (1980). Generally, sanctions are intended for one or more of three purposes: punishment, deterrence or coercion. *Id.* None of those was the objective here. We find that it was an abuse of discretion for the trial court to employ sanctions, not in aid of discovery, but only to contrive the appellate jurisdiction of this Court.

4. *See generally* Annotation, *Appealability of Contempt Adjudication or Conviction,* 33 A.L.R. 3d 448 (1970).

5. There was no attempt to hide this contrivance. State Farm fully acknowledged its purposes to defendants' counsel, the trial court and us.

When a corporation fails to comply with discovery, ordinarily the sanction should be against it rather than against one of its agents personally.[6] Superior Court Rule 37(b)(2) provides an arsenal of measures which could and should have been directed against State Farm. All were ignored in favor of this stratagem.[7]

When a party announces that it will persist in its refusal to make discovery, as State Farm apparently did, then a trial judge should not hesitate to impose an array of sanctions including, if necessary, the ultimate sanction of a default judgment. Evidently, the trial judge originally considered this, but was somehow deflected towards this unacceptable procedure. It is a special responsibility of trial courts to reject such tactics even when the parties may appear to be in agreement on the matter. *See Stroud v. Milliken Enterps.*, Del.Supr., 552 A.2d 476 (1989) (dismissing appeal when parties inappropriately drew the trial court into issuing an advisory opinion upon a significant question of corporation law).

Accordingly, the contempt order is VACATED and the appeal is DISMISSED.

---

6. By this we do not mean to exclude the appropriateness of sanctions against an obstructive or contumacious individual or a corporate agent, but the sanction imposed here was a pure contrivance since direct sanctions against State Farm were available and would have been far more effective in either achieving compliance or bringing the matter before us in a proper posture.

7. Under Superior Court Civil Rule 37(b)(2) the available sanctions were:

    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
    (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
    (E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.
    In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.