# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

October 26, 2021

R. Bruce McNew, Esq.
COOCH AND TAYLOR, P.A.
1007 N. Orange St., Suite 1120
Wilmington, Delaware 19801

David A. Dorey, Esq.
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801

RE: *Buttonwood Tree Value Partners, L.P., et al. v. R.L. Polk & Co., Inc., et al.*, C.A. No. 9250-VCG

Dear Counsel:

This letter considers, and denies, the Application of Defendants and R.L. Polk & Co., Inc. ("R.L. Polk" or the "Company") for Certification of Interlocutory Appeal and For Limited Stay Pending Appeal (the "Application").[1] The Application requests that this Court certify for interlocutory appeal an October 8, 2021 order implementing this Court's memorandum opinion of July 30, 2021, *Buttonwood Tree Value Partners, L.P. v. R. L. Polk & Co.*, 2021 WL 3237114 (Del. Ch. July 30, 2021)

---

[1] Appl. Defs.' and R.L. Polk & Co., Inc. Certification of Interlocutory Appeal and Limited Stay Pending Appeal, Dkt. No. 288; Br. in Supp. of Appl. for Certification of Interlocutory Appeal Pursuant to Supreme Court Rule 42 and Req. for Limited Stay Pursuant to Supreme Court Rule 32 and Chancery Court Rule 62(d), Dkt. No. 289 [hereinafter the "Application Brief"].

(together with the implementing order, the "Opinion").[2] On October 20, 2021, the Plaintiffs filed an opposition to the Application.[3]

The Application seeks review of the holdings in the Opinion that communications between the Company and its counsel regarding two proposed self-tenders in 2007 and 2008 and a completed 2011 self-tender (the "Transactions") were not protected by attorney-client privilege when they also included the Company's conflicted Chief Executive Officer ("CEO"), Stephen Polk.[4] Specifically, this Court held that the Defendants failed to meet their burden of showing that, despite being the Company's counterparty to the Transactions, Mr. Polk's "legal interests were 'so parallel and non-adverse' to those of the Company that" attorney-client privilege attached under the common interest doctrine.[5] The Application also seeks a limited stay of the Opinion as to this privilege issue, pending resolution of the appeal.[6] For the reasons set forth below, I decline to certify an interlocutory appeal of the Opinion.

---

[2] *See* Order Implementing Mem. Op. July 30, 2021, Regarding Exceptions to Final Report Special Disc. Master, Dkt. No. 284.
[3] Pls.' Resp. Opp. Defs.' and Polk's Appl. for Certification of Interlocutory Appeal and Stay, Dkt. No. 290.
[4] *See* Appl. Br. at 1.
[5] *Buttonwood*, 2021 WL 3237114, at *9–11, 13.
[6] Appl. Br. at 2.

## I. ANALYSIS

Supreme Court Rule 42(b)(i) states that interlocutory appeals shall not be certified "unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[7] Rule 42(b)(ii) cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[8] In deciding whether to certify an interlocutory appeal, this Court considers the following factors:

> (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.

---

[7] Supr. Ct. Rule 42(b)(i).
[8] Supr. Ct. Rule 42(b)(ii).

3

"Once the Court considers these factors and conducts its 'own assessment of the most efficient and just schedule to resolve the case,' the Court must then consider whether the likely benefits of interlocutory review outweigh the likely costs."[9]  "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[10]

### A. The Opinion Did Not Decide a Substantial Issue of Material Importance

The Application argues that the Opinion decided "a substantial issue of material importance"[11] because it decided issues that "are intertwined with the merits, are not merely a matter of discovery or the particular facts of this case, cannot be effectively reviewed after disclosure, and have broad implications for many transactional disputes commonly litigated in the Delaware courts."[12]

I do not find these arguments persuasive.  First, the Application is incorrect that the Opinion decided issues that "are intertwined with the merits" and "are not merely a matter of discovery."[13]  Rather, as the Opinion explained, the Court did not make "any binding factual determinations" or "address the merits of any underlying claims in this dispute"; instead, it merely "review[ed], de novo, the Special Master's conclusions with respect to privilege."[14]

---

[9] *Tetragon Fin. Grp. Ltd. v. Ripple Labs Inc.*, 2021 WL 942791, at *2 (Del. Ch. Mar. 11, 2021).
[10] Supr. Ct. Rule 42(b)(iii).
[11] Supr. Ct. Rule 42(b)(i).
[12] Appl. Br. at 6.
[13] *Id.* at 6.
[14] *Buttonwood*, 2021 WL 3237114, at *1 n.3.

Second, the fact that the Opinion "cannot be effectively reviewed after disclosure"[15] is not, on its own, a basis for interlocutory appeal. Indeed, "[d]iscovery orders generally are not appealable under Rule 42, even if they implicate the attorney-client privilege."[16] Neither case cited in the Application holds to the contrary. In *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, our Supreme Court dismissed an interlocutory appeal involving a discovery matter, although it stated in dicta that it was "conceivable" that "a discovery order involving matters such as privilege, self-incrimination, privacy, or trade secrets, would determine such rights and issues as to become appealable."[17] Since *Pepsico*, however, the Supreme Court has repeatedly declined to accept, and this Court has declined to certify, interlocutory appeals of discovery issues merely because they implicate attorney-client privilege.[18]

---

[15] Appl. Br. at 6–7.

[16] *Cordant Holdings Corp. v. Moore Bus. Forms, Inc.*, 682 A.2d 625 (Del. 1996) (TABLE). *See also Certain Underwriters at Lloyd's London v. Monsanto Co.*, 599 A.2d 412 (Del. 1991) (TABLE) ("proscription against interlocutory review of discovery rulings 'does not change merely because the discovery/disclosure order implicates the attorney-client privilege'") (quoting *In re Rinehardt*, 575 A.2d 1079, 1081 (Del. 1990)).

[17] 261 A.2d 520, 521 (Del. 1969) ("rulings on discovery fall within the class of interlocutory orders considered to be unappealable").

[18] *Cordant Holdings*, 682 A.2d 625 ("Discovery orders generally are not appealable under Rule 42, even if they implicate the attorney-client privilege."); *Rinehardt*, 575 A.2d at 1081 ("This principle [that discovery rulings are generally not subject to interlocutory appeal] does not change merely because the discovery/disclosure order implicates the attorney-client privilege."); *Certain Underwriters*, 599 A.2d 412 (refusing interlocutory appeal of "fact-dependent rulings relating to whether conduct constitutes waiver of the attorney-client privilege or work product protection"); *Klig v. Deloitte LLP*, 2010 WL 3489735, at *10 (Del. Ch. Sept. 7, 2010) (declining to certify interlocutory appeal of discovery order concerning privilege waiver). *See also*

Nor does *Al Jazeera America, LLC v. AT&T Services, Inc.* support certification.[19] There, this Court certified an unopposed interlocutory appeal of an order determining the "substantial issue" that the public had a right to know "the nature of the parties' dispute and the contract provisions that this contractual dispute was based upon," despite allegations of collateral business impact.[20] The order at issue thus went beyond a mere discovery holding concerning privilege. The order also represented the first application of this Court's then-newly amended confidentiality rule.[21] In any event, the Supreme Court ultimately declined to accept the interlocutory appeal in *Al Jazeera*.[22]

Finally, the Opinion does not have "broad implications for many transactional disputes commonly litigated in the Delaware courts."[23] The Application warns that "[p]laintiffs will undoubtedly invoke the [Opinion] to compel disclosure of otherwise privileged communications with company counsel whenever there is a claim of control or merely that management was conflicted."[24] Perhaps. But to

---

*Monsanto Co. v. Aetna Cas. & Sur. Co.*, 1991 WL 113608, at *1 (Del. Super. Ct. June 4, 1991) (declining to certify interlocutory appeal of discovery order implicating privilege).

[19] 2013 WL 5738034 (Del. Ch. Oct. 23, 2013).

[20] *Id.* at *2.

[21] *Id.* at *3 ("Delaware Court of Chancery Rule 5.1, which governs the confidential designations of public court documents, has only been in effect since January 1, 2013, having replaced now-retired Court of Chancery Rule 5(g).").

[22] *Al Jazeera Am., LLC v. AT & T Servs., Inc.*, 91 A.3d 561 (Del. 2014) (TABLE).

[23] Appl. Br. at 6.

[24] *Id.* at 2–3. *See also id.* at 10 ("[T]he [Opinion] will be oft-cited in privilege disputes whenever a plaintiff shareholder alleges that a corporate insider was part of a controlling group acting to benefit themselves.").

invoke is not to prevail; this argument ignores that the Opinion specifically declined to "hold that there can never be privilege in the case of an otherwise-privileged document shared with an alleged controller," and indeed "agree[d] that [the mere allegation of control by an executive] alone would be insufficient to prevent privilege from attaching."[25]

Accordingly, because the Opinion "involves the invocation of the attorney-client privilege . . . in a discovery context and is thus of limited application in this case or as precedent," it "does not determine a substantial issue[ or] establish a legal right,"[26] as required by Rule 42(b)(i).

*B. The Application Does Not Establish Any of the Rule 42(b)(iii) Factors*

The Application argues that the Opinion meets two of the factors set forth in Rule 42(b)(iii). Specifically, the Application argues that the Opinion "involves a question of law resolved for the first time in this State" (Rule 42(b)(iii)(A)), and that "[r]eview of the [Opinion] may serve considerations of justice" (Rule 42(b)(iii)(H)).[27] Neither of these factors is satisfied.

---

[25] *Buttonwood*, 2021 WL 3237114, at *10.
[26] *Huang v. Rochen*, 550 A.2d 35 (Del. 1988) (TABLE).
[27] Appl. Br. §§ II, III.

7

1. The Opinion Did Not Decide a Question of Law for the First Time in this State.

The Application articulates four purportedly novel questions of law that it contends the Opinion decided for the first time in Delaware.[28] None of them are novel questions of law in this State; rather, they are applications of settled Delaware law to the facts of this case. First, the Application argues that "no court has ever held that the participation of a corporate insider in otherwise privileged communications about a self-tender waives that privilege."[29] Second, the Application contends that Mr. Polk's status as a conflicted counterparty stockholder itself presents a novel issue.[30] But the allegations went beyond the mere "participation of a corporate insider" and stockholder in a self-tender, which, according to the Application, "many, many directors do."[31] Rather, the Court held that it was reasonably conceivable that Mr. Polk "pursued the [self-tenders] for the benefit of the controlling Polk-family stockholders," whose "interests would diverge from those of the minority" stockholders, with the goal of "allow[ing] family members to sell their shares without sacrificing the family's control of the Company."[32] Thus, the Court applied settled Delaware law that, where transactional counterparties "interests . . . are [not] so parallel and non-adverse that, at least with

---

[28] *Id.* § II.
[29] *Id.* at 7.
[30] Appl. Br. at 7–8.
[31] *Id.* at 7–8.
[32] *Buttonwood*, 2021 WL 3237114, at *4, 9–10.

8

respect to the transaction involved, they may be regarded as acting as joint venturers," attorney-client privilege is not available.[33]

Third, the Application argues that "no Delaware court has held that a common interest analysis applies other than when assessing communications between separately represented parties, or their counsel."[34] That is not what the Opinion held. Rather, the Opinion held that the "common interest" exception was *not* available because the Defendants failed to rebut reasonably conceivable allegations that Mr. Polk acted as a counterparty to the Company in the Transactions.[35] Because the "common interest" exception was inapplicable, the Opinion applied the general, well-settled rule that "a party waives the attorney-client privilege by communicating privileged information to a third party,"[36] i.e., Mr. Polk.

Finally, the Application argues that "the Opinion appears to be the first in Delaware to hold that disputed allegations in a complaint supporting a 'reasonable conceivability' of a divergence of interests between a CEO and a company are sufficient to vitiate the privilege where otherwise privileged communications are disclosed to the CEO."[37] The Application argues that the Court was required to make "findings on whether [the] Plaintiffs' allegations had merit" in "an evidentiary

---

[33] *Id.* at *9.
[34] Appl. Br. at 8–9.
[35] *See Buttonwood*, 2021 WL 3237114, at *9.
[36] *In re Quest Software Inc. S'holders Litig.*, 2013 WL 3356034, at *4 (Del. Ch. July 3, 2013).
[37] Appl. Br. at 9.

9

hearing" before holding that no attorney-client privilege attached to the challenged communications.[38] This argument misstates the burden of proof. It is settled law in Delaware that "'[t]he burden of proving that the privilege applies to a particular communication is on the party asserting the privilege.'"[39] Applying that well-settled law, this Court held that the Defendants failed to provide "evidence to the contrary" of reasonably conceivable allegations that Mr. Polk was a counterparty to the Transactions whose interests "would diverge from those of the minority" stockholders.[40]

### 2. Interlocutory Review Would Not Serve Considerations of Justice.

The Application argues that interlocutory review "would bring clarity to an issue that could arise whenever corporate insiders are alleged to be controlling shareholders acting for their own benefit, a common claim by plaintiff-shareholders."[41] As explained above, however, by expressly declining to "hold that there can never be privilege in the case of an otherwise-privileged document shared with an alleged controller,"[42] the Opinion tempered the concern that its holdings "could have widespread application" wherever there are allegations of control and

---

[38] *Id.* at 9.
[39] *In re Info. Mgmt. Servs., Inc. Derivative Litig.*, 81 A.3d 278, 285 (Del. Ch. 2013) (quoting *Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992)).
[40] *Buttonwood*, 2021 WL 3237114, at *9.
[41] Appl. Br. at 11.
[42] *Buttonwood*, 2021 WL 3237114, at *10.

self-interest.[43]  The Application also argues that interlocutory review is necessary "before R.L. Polk loses its rights to assert the attorney-client privilege."[44]  As explained above, however, Delaware courts have repeatedly refused interlocutory appeal of discovery issues relating to privilege despite this "inability to 'put the toothpaste back in the tube.'"[45]  The Application offers no reason to depart from those cases.

Accordingly, because the Application fails to establish the requirements of Rule 42(b)(i) and (iii), I decline to certify interlocutory appeal of the Opinion.[46]

For the forgoing reasons, the Application is DENIED.

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:    All counsel of record (by *File & ServeXpress*)

---

[43] Appl. Br. at 11.
[44] *Id.* at 11.
[45] *See supra* notes 16, 18 and accompanying text.
[46] The Application requests a limited stay "only until resolution of its application for certification of an interlocutory appeal to this Court (and, if granted, to the Supreme Court, and during the pendency of the appeal)."  Appl. Br. at 13–14.  Because I have declined to certify an interlocutory appeal, the motion to stay is moot.

11

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

| | |
|---|---|
| BUTTONWOOD TREE VALUE PARTNERS, L.P., a California Limited Partnership, and MITCHELL PARTNERS L.P., a California Limited Partnership, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 9250-VCG ) |
| R. L. POLK & CO., INC., STEPHEN R. POLK (individually and on behalf of a Defendant Class of similarly situated persons), THE ESTATE OF NANCY K. POLK, KATHERINE POLK OSBORNE, DAVID COLE, RICK INATOME, CHARLES MCCLURE, J. MICHAEL MOORE, RLP & C HOLDING, INC., RLP MERGER CO., STOUT RISIUS ROSS, INC., and HONIGMAN MILLER SCHWARTZ AND COHN LLP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER**

This twenty-sixth day of October, 2021, the Defendants and R.L. Polk & Co., Inc. having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated October 8, 2021; and the Court having found that such order lacks a substantial issue of material

12

importance that merits appellate review before a final judgment and that none of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that the Court's order of October 8, 2021, is hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Sam Glasscock III
Vice Chancellor