**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  May 26, 2023
Date Decided:  June 8, 2023

Martin S. Lessner, Esquire
Elisabeth S. Bradley, Esquire
M. Paige Valeski, Esquire
Kevin P. Rickert, Esquire
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
100 North King Street
Wilmington, Delaware 19801

Melvin A. Brosterman, Esquire
Patrick N. Petrocelli, Esquire
Daria D. Anichkova, Esquire
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038

Arthur G. Connolly III, Esquire
Alan R. Silverstein, Esquire
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801

John Zavitsanos, Esquire
Taylor Freeman, Esquire
Harrison Scheer, Esquire
Thomas Frashier, Esquire
AHMAD, ZAVITSANOS & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010

RE:  *Hartree Natural Gas Storage, LLC v. PAA Natural Gas Storage, L.P., et al.*
C.A. No. N22C-07-073 PRW CCLD
Hartree's Request for Fees

Dear Counsel:

This Letter Order resolves Plaintiff Hartree's request for fees as a result of its

partial success on a recent motion to compel.

In March 2023, Hartree filed a motion to compel.  The Court heard oral

argument and granted Hartree's motion, in part.[1]   At argument, Hartree split its presentation between first arguing the substance of the motion and second arguing why an award of fees was appropriate.

The Court allowed supplemental briefing on the application for fees and that request is now ripe for decision.[2]

### ASSESSMENT OF FEES IS NOT WARRANTED HERE.

Rule 37 instructs:

> [A] judge granting a motion to compel to 'require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.'[3]

The latter part of the Rule grants the Court broad discretion over the fee-award question.[4]  The Court, though

> must exercise care when imposing any sanction, and such sanction must always be 'tailored to [a] specific discovery violation and its prompt cure; that includes consideration of the intent of the party opposing

---

[1]   D.I. 99.

[2]   D.I. 98.

[3]   *Serviz, Inc. v. ServiceMaster Co., LLC*, 2021 WL 5768655, at *6 n.59 (Del. Super. Ct. Dec. 6, 2021) (emphasis omitted) (quoting Del. Super. Ct. Civ. R. 37(a)(4)(A)).

[4]   *Dynacorp, et al. v. Underwriters at Lloyd's, London, et al.*, 2014 WL 4656393, at *3 (Del. Super. Ct. Sept. 18, 2014) ("Rule 37 gives the Court broad discretion to impose sanctions and shift costs for discovery violations." (citations omitted)).

discovery, and of whether and to what extent the party seeking discovery has been prejudiced . . . but should always be viewed in light of [the] proper functions that sanctions are intended to serve.'[5]

"'Discovery is intended to be a cooperative and self-regulating process,' and 'cooperation and communication among the parties are essential during discovery.'"[6]

As a general matter—its seemingly compulsory language notwithstanding—a successful motion to compel does not itself mean that awarding fees is mandatory.[7] Instead, the Court looks to the facts of the specific discovery contest and its resolution.

Take for example *M&G Polymers USA, LLC v. Carestream Health, Inc.*[8] There this Court granted Rule 37 fees after needing to order the production of documents near the close of trial because the defendant "had not identified during

---

[5] *Keith v. Lamontagne*, 2021 WL 4344158, at *2 (Del. Super. Ct. Sept. 20, 2021) (certain alterations in original) (quoting *In re Rinehardt*, 575 A.2d 1079, 1082 (Del. 1990)).

[6] *Serviz, Inc.*, 2021 WL 5768655, at *6 n.59 (quoting *Cartanza v. Cartanza*, 2013 WL 1615767, at *2 (Del. Ch. Apr. 16, 2013)).

[7] *See, e.g., Showell v. Mountaire Farms, Inc.*, 2002 WL 31818512, at *2 (Del. Super. Ct. Nov. 18, 2002) (granting the motion to compel but declining to award fees because "the opposition to the motion was substantially justified as the assertion of attorney-client privilege was a valid legal argument under the facts of this case"); *MacBride v. Rainbow River Tours, Inc.*, 1978 WL 187982, at *2 (Del. Super. Ct. Dec. 1, 1978) (granting the motion to compel but declining to award fees because "there [was] some merit to the defendant's position" and because "the plaintiff [was] getting the benefit of information obtained by the defendant at much less effort and cost").

[8] 2010 WL 1611042 (Del. Super. Ct. Apr. 21, 2010).

discovery certain redactions made on privilege grounds, and that at least one . . . employee had failed to turn over clearly relevant documents to [defendant]'s trial counsel during discovery."[9]

While in *Suburban Medical Services v. Brinton Manor Center*,[10] this Court found that even though the defendants "delayed and stonewalled certain of Plaintiffs' discovery attempts with blanket objections and a seeming lack of interest in engaging with what otherwise is a cooperative process," fees were not warranted.[11] After granting in part, and denying in part, the motion to compel, the Court concluded that while "it's a close call," it would not award fees.[12]

This discovery kerfuffle tends closer to *Suburban Medical* than to *M&G Polymers*. Hartree brought this motion to compel seeking: (1) production of documents; (2) production of a usable hit report; and (3) discovery from Plains executives Jeremy Goebel, Chris Chandler, and Harry Pefanis.[13] And Defendants objected because, in their view: (1) the requests were too burdensome, and (2) the

---

[9]   *Id.* at *1, 76.

[10]   2022 WL 17688194, at *5-6 (Del. Super. Ct. Dec. 15, 2022).

[11]   *Id.* at *6.

[12]   *Id.*

[13]   Mot. to Compel at 2 (D.I. 62); *id.* at 3-4 (defendants "have not produced one document"); *id.* at 4-9 (defendants have failed to search for terms Hartree has requested); *id.* at 9-10 (defendants "have refused to collect documents" from certain Plains executives).

three custodians identified had little relevant evidence to offer.[14]

The parties resolved the first two issues leaving the Court to decide only the custodians issue. The Court granted the remainder of the motion to compel thereon, observing that the relevance standard is broad at the discovery stage[15] and that the Defendants' had not shouldered their burden of demonstrating that the sought-after custodians indeed did not have relevant information subject to disclosure under Rule 26.[16]

Defendants' initial objections, while not wholly baseless, were not well-found under controlling Delaware discovery standards. And that one remaining objection to Hartree's discovery requests did result in increased expenditure of resources by all involved. That is not to be lauded. But the Court, applying the broad discretion it is given under Rule 37, finds that the circumstances here do not merit fee-shifting.

---

[14] Response to Mot. to Compel at 6-9 (D.I. 76).

[15] *See, e.g. Levy v. Stern*, 1996 WL 742818, at *2 (Del. Dec. 20, 1996) ("pretrial discovery rules are to be afforded broad and liberal treatment" (citation omitted)); *Woodstock v. Wolf Creek Surgeons, P.A.*, 2017 WL 3727019, at *6 (Del. Super. Ct. Aug. 30, 2017) ("The scope of discovery under [Rule 26] is broad and far-reaching." (citations omitted)); *Hunter v. Bogia*, 2015 WL 5050648, at *4 (Del. Super. Ct. July 29, 2015) ("In Delaware . . . a broad and liberal discovery process has been designed and adopted to avoid surprises during civil litigation." (citations omitted)).

[16] "When a party objects to providing discovery, the burden . . . is on the objecting party to show why and in what way the information requested is privileged or otherwise improperly requested." *Wood v. U.S. Bank Nat'l Ass'n*, 246 A.3d 141, 149 (Del. Ch. 2021) (cleaned up); *Henlopen Hotel v. United Nat'l Ins. Co.*, 2019 WL 3384843, at *1 (Del. Super. Ct. July 26, 2019).

At bottom, in the Court's eyes, such an award of expenses here would be unjust.[17]

In the end, the discovery foul was relatively minor and not at all proportional to any

fee-shift, much less the almost $30,000 sought by Hartree.

## CONCLUSION

For the foregoing reasons, Hartree's Rule 37 request for fees is **DENIED**.

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

cc: All Counsel via File and Serve

---

[17] *See Wollner v. PearPop Inc.*, 2022 WL 2205359, at *7 (Del. Ch. June 21, 2022) (observing that when employing Court of Chancery Rule 37's justness standard "the court [is asked] to look at the broader context when granting relief").