**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

May 1, 2026

Re:   ***F1P Holdings, LLC v. SS Hibbicon, LLC, et al.***
<u>**Case No. N23C-11-139 MAA CCLD**</u>

Counsel:

The Court has reviewed the Parties' briefing regarding Defendants' Motion *in limine* to Exclude Unproduced Documents. After careful consideration, the Court issues the following ruling:

## I.   Introduction

This dispute arises from Plaintiff/Counterclaim Defendant F1P Holdings, LLC's (herein "Plaintiff") alleged failure to produce responsive documents during discovery. Defendants/Counterclaim Plaintiffs SS Hibbicon, LLC and Jerry Shane Hibbeler (herein "Defendants") now move *in limine* to preclude Plaintiff from admitting unproduced evidence at trial, which is set to begin May 4, 2026. For the reasons stated below, Defendants' motion *in limine* is **GRANTED.**

## II.   Standard of Review

The Supreme Court of Delaware "has long recognized the purpose of discovery is to advance issue formulation, to assist in fact revelation[,] and to reduce the element of surprise at trial."[1] "Discovery abuse has no place in our courts, and the protection of litigants, the public, and the bar demands . . . courts be diligent in promptly and effectively taking corrective action to secure the just, speedy, and inexpensive determination of every proceeding[.]"[2]

---

[1] *Levy v. Stern*, 1996 WL 742818, at *2 (Del. Dec. 20, 1996) (citing *Buchanan Serv., Inc. v. Crew*, 122 A.2d 914 (Del. Super. 1956)).

[2] *Holt v. Holt*, 472 A.2d 820, 824 (Del. 1984) (citing Del. Super. Ct. Civ. R. 1).

Superior Court Civil Rule 37 vests a trial court with broad discretion to impose sanctions for discovery violations.[3]  A trial court is expressly authorized to prohibit a violating party from introducing certain evidence at trial.[4]  A trial court is also authorized, in lieu of or in addition to express sanction methods outlined in Rule 37, to require a violating party to pay reasonable expenses caused by a discovery violation.[5]  The court will not require a violating party to pay reasonable expenses, however, where the court finds that the discovery failure "was substantially justified or that other circumstances make an award of expenses unjust."[6]

## III.    Analysis

Before the Court discusses the merits of Defendants' motion *in limine*, the Parties' current dispute must be put in context.  The parties are no doubt aware discovery has been hotly contested.  The completion of discovery, which took over two years, necessitated multiple motions to compel, the assistance of a special magistrate, and a motion for sanctions.[7]

Discovery culminated in Plaintiff producing three batches of documents to Defendants.  Two batches, which collectively comprised almost 85,000 documents, were assigned Bates numbers.[8]  A third batch, comprising over 50,000 documents obtained from Payroc via subpoena, were not assigned Bates numbers.[9]  While Bates numbers are not necessarily required when producing documents, the lack of Bates numbers made cross-referencing documents an increasingly difficult task.[10]

Approximately two months before the date trial was set to begin, Plaintiff then submitted to Defendants Plaintiff's first proposed exhibit list.[11]  The list often had descriptions insufficient to identify the intended exhibit, and because over 40% of documents provided to Defendants had no Bates number, Defendants could not verify at least a portion of the proposed exhibits.[12]  A few weeks later, Plaintiff provided the actual proposed exhibits, which gave Defendants their first opportunity to verify some of the exhibits.[13]

---

[3] *In re Rinehardt*, 575 A.2d 1079, 1082 (Del. 1990); Del. Super. Ct. Civ. R. 37).
[4] Del. Super. Ct. Civ. R. 37(b)(2)(B).
[5] Del. Super. Ct. Civ. R. 37(b)(2)(E).
[6] *Id.*
[7] D.I. 141 ["Mot. *in limine*"] ¶ 8; D.I. 147 ["Reply Br."] at 1.
[8] Mot. *in limine* ¶ 9.
[9] *Id.*
[10] *Id.* ¶ 13.
[11] *Id.* ¶¶ 10-11.
[12] *Id.* ¶ 11.
[13] *Id.*

Upon review, Defendants identified several documents believed to be responsive documents never produced in any form.[14] Some of these documents were later determined to have been previously produced, and some were produced in a different form.[15] Defendants contend at least seven remaining documents were never produced in any form before March 16, 2026.[16] Defendants also contend at least one document was produced for the first time during a deposition, and only provided to Defendants once the deposition had concluded.[17]

As to the merits of Defendants' motion *in limine*, Defendants' seek for the Court to preclude at trial the admission of any documents never produced to Defendants, in any form, prior to March 16, 2026.[18] Defendants also clarify the scope of their motion extends to documents falling under this category only, not to documents allegedly produced for the first time after a deposition.[19] For the following reasons, the Court grants Defendants' motion *in limine.*

Defendants have identified at least seven documents unproduced in any form during discovery.[20] Without further inquiry, the Court cannot say with certainty each of these identified documents were never disclosed in discovery. If Plaintiff can prove each document was produced, the Court requests Plaintiff do so immediately. But the facts currently provided to the Court create reason to believe at least some responsive documents were not disclosed to Defendants before March 16, 2026.

The Court especially takes notice of the careful phrasing used in Plaintiff's Answering Brief. Plaintiff itself represents to the Court that "virtually" or "almost" all documents Defendants place in issue were produced.[21] Production of "virtually" or "almost" all documents is not production of every document. The use of these subtle qualifiers is concerning, and such use closely resembles admission of accused wrongdoing.

Unless Plaintiff can prove otherwise, or that exigent circumstances caused the non-disclosure of responsive documents, Plaintiff is precluded from introducing at trial any documents unproduced to Defendants before March 16, 2026. To find otherwise would be a departure from the well-established purposes of discovery in Delaware.

---

[14] *Id.*
[15] Reply Br. at 5.
[16] *Id.* at 2-4.
[17] *Id.* at 4.
[18] Mot. *in limine.*
[19] Reply Br. at 4.
[20] *Id.* at 3-4.
[21] D.I. 145 ["Ans. Br."] ¶¶ 2, 4.

The failure to produce responsive documents is unquestionably a discovery violation that implicates the possibility of sanctions.[22] The Court therefore proceeds to determine whether further sanctions against Plaintiff are appropriate in this case. After reviewing the record and the circumstances surrounding Plaintiff's discovery violation, the Court finds that limited sanctions are appropriate.

Failure to produce a few insignificant documents is in itself concerning. Including unproduced documents in a proposed trial exhibit list, and prompting a motion *in limine*, is prejudicial. If Defendants had not included the unproduced documents in the proposed trial exhibit list, Defendants' motion would not have been necessary. In addition to precluding unproduced documents from being admitted at trial, the Court therefore finds it appropriate for Plaintiff to pay for the cost of Defendants bringing this motion. Defendants are to submit to the Court an affidavit of their reasonable attorney's fees and costs in bringing the motion.[23]

As previously stated, the Court welcomes Plaintiff to dispel the accusations that responsive documents were not produced and were included in Plaintiff's proposed trial exhibit list. Plaintiff should be advised, however, that the existence of even one responsive and unproduced document in Plaintiff's proposed trial exhibit list will be enough for the Court to uphold this ruling.

Sincerely,

*/s/ Meghan A. Adams*

_____

Meghan A. Adams, Judge

cc: All Counsel via File and Serve

---

[22] Del. Super. Ct. Civ. R. 37(b)(2)(B).

[23] Defendants should submit the affidavit by Friday, May 8, 2026.